[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO AMENDED THIRD PARTY COMPLAINT #367
This matter was previously before the court upon Third-Party defendant Veriflo Corporation's (Veriflo) Motion to Strike the Third Party complaint of Matheson Gas Products, Inc. (Matheson), which complaint was filed with the court on December 13, 1990.
The motion to strike was heard and acted upon by the court as evidenced by the court's Memorandum of Decision filed on June 28, 1991 (Jones, J.).
In that decision Judge Jones denied the Motion to Strike in all but one respect. The court found merit in Veriflo's claim that Matheson failed to properly plead elements of indemnification and contribution, by failing to allege that Veriflo was "the direct, immediate cause of the accident." The court accordingly, granted Veriflo's motion to strike on that limited issue only and in effect, instructed Matheson to plead over to cure the defect.
Matheson filed an amended Third Party complaint dated July 12, 1991, to which Veriflo has objected. (Motion #367). In the alternative Veriflo has requested a revision of a number of the new allegations. (Motion #366). Matheson has objected to these requests.
While the parties written memoranda and oral arguments embrace a number of different issues the dispositive issue in this court's mind is whether the defective pleading, as clearly defined and limited by Judge Jones decision, was cured by the Amended Third Party Complaint or whether Matheson seized the opportunity to expand its original claims and amplify on original allegations not affected by the court's decision.
This court is of the opinion that although there were curative allegations of proximate cause contained in the Amended Third Party complaint, such amended complaint was expanded and amplified upon beyond the limited directives of Judge Jones' decision and thereby beyond that allowed to be plead over by Matheson under P.B. 157.
This court will not attempt to dissect or rewrite Matheson's amended Third Party complaint, so as to retain those allegations which are properly curative and eliminate those that are not. Rather, the entire amended Third Party complaint is disallowed and Veriflo's objection thereto sustained, with direction to Matheson to amend its original Third Party complaint in accordance with the decision of Judge Jones, limited to proper pleadings of the elements of indemnification and contribution. CT Page 7891
In view of the above, it is not deemed necessary for the court to consider Matheson's request to revise or the objections thereto as that relief was sought in the alternative.
Accordingly, the Third Party defendant, Veriflo's objection to Matheson's Amended Third Party complaint is sustained.
THE COURT
MAIOCCO, J.